UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHAD KISTER,**

    **Plaintiff,**

                                                    **Civil Action 2:20-cv-6525**

    v.                                    **Judge Michael H. Watson**

                                                    **Magistrate Judge Chelsey M. Vascura**

**STATE OF OHIO,**

    **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Chad Kister, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2).

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*      \*      \*
>
> (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

2

of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank* , 727 F.3d at 504 (citations omitted).  Further, when considering a *pro se* plaintiff's Complaint, a Court "must read [the allegations] with less stringency . . . and accept the pro se plaintiff's allegations as true, unless they are clearly irrational or wholly incredible." *Reynosa v. Schultz*, 282 F. App'x 386, 389 (6th Cir. 2008) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (internal citation omitted).

## II.

Plaintiff's Complaint lacks clarity and contains numerous "wholly incredible" allegations.  (*See, e.g.*, Comp., ECF No. 1-1 at PAGEID # 5 (alleging Plaintiff is the victim of a brain implant and that another individual, who put a powerline into the Pentagon, was trying to erase copies of the brain implant x-rays and this same individual broke into Plaintiff's home to steal his ozone-depletion free rocket fuel invention).)  To the extent Plaintiff intends to advance claims against unnamed defendants predicated on these "irrational or wholly incredible" allegations, his Complaint fails to meet the facial plausibility standard and must be dismissed pursuant to § 1915(e) as legally frivolous.

3

It appears, however, that Plaintiff instead seeks to file a direct appeal from a judgment rendered by the Ohio Supreme Court. The caption of his Complaint lists "State of Ohio" as the only other party to this action and states "On Appeal from Ohio Supreme Court." (*Id*. at PAGEID # 4.) Plaintiff also states in his "Introduction" section that "The Ohio Supreme Court, while failing to accept the case, did leave it open for appeal to the federal court." (*Id*.) Plaintiff attaches three state-court journal entries reflecting jury convictions on criminal charges. In terms of relief, Plaintiff asks this Court to dismiss his criminal charges or alternatively to order a new jury trial on the charges.

This Court lacks jurisdiction to adjudicate direct appeals from state-court judgments. *See In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009) ("The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters."); *Gottfried v. Med. Planning Servs., Inc*., 142 F.3d 326, 330 (6th Cir. 1998) (citing *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 415–16 (1923)) ("*Rooker–Feldman* stands for the simple (yet nonetheless confusing) proposition that lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments."). Put another way, because only the United State Supreme Court has jurisdiction to correct state-court judgments, if Plaintiff seeks to appeal a decision from the Ohio Supreme Court, he may only do so through filing a petition for writ of certiorari to the United States Supreme Court. If instead Plaintiff seeks to obtain an order declaring that his state-court criminal conviction was obtained in violation of his rights guaranteed under the Constitution, he must proceed by filing a petition for

writ of habeas corpus under 28 U.S.C. § 2254.  *See* 28 U.S.C. §§ 2241, 2254; *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  It is therefore **RECOMMENDED** that this action be **DISMISSED** pursuant to § 1915(e).

### III.

Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* is **GRANTED**.  (ECF No. 1.)  For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations  to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or  modify, in whole or in part, the findings or recommendations made herein, may receive further  evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. §  636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of  the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140  (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

   /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE