UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Chad Kister,

    Plaintiff,

    v.

State of Ohio,

    Defendant.

Case No. 2:20-cv-6525

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Chad Kister ("Plaintiff"), who proceeds without the assistance of counsel, sues the State of Ohio. Compl., ECF No. 2. In his Complaint, he asks this Court to drop certain criminal charges for which Plaintiff has already been convicted in state court or to remand his criminal cases for a new trial. *Id.*

Upon initial screening, Magistrate Judge Vascura issued a Report and Recommendation ("R&R") recommending the Court dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). R&R, ECF No. 3. In lieu of timely objecting to the R&R, Plaintiff filed a document entitled "Petition for Habeas Corpus," ECF No. 27, which the Court construes liberally as an objection to the R&R.

Upon *de novo* review, the Court agrees with the conclusions reached in the R&R. First, it is clear from the title of Plaintiff's Complaint (which states, "On Appeal from Ohio Supreme Court"), the substance of the allegations, and the relief sought that Plaintiff is attempting to appeal his state-court criminal convictions. There is, however, no mechanism to directly appeal a state-court

criminal conviction to this court. To the contrary, such appeals are barred by the *Rooker-Feldman* doctrine. *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009) ("[A]ppellate review of state court decisions and the validity of state judicial proceedings is limited to the Supreme Court . . . and . . . federal district courts lack jurisdiction to review such matters." (citation omitted)).

Second, the allegations made in the Complaint—including allegations that Plaintiff has been the victim of "a brain implant done against his will," that a third party was trying to "erase copies of the brain implant x-rays," and that Plaintiff has developed an "ozone-depletion free rocket fuel invention" and is working "on the first colonies on the Moon and Mars," Compl. 2, ECF No. 2—are plainly frivolous and do not meet the plausibility standard of *Iqbal* and *Twombly*.

Accordingly, Plaintiff's objections are **OVERRULED**, the R&R is **ADOPTED**, and Plaintiff's Complaint is **DISMISSED**.

IT IS SO ORDERED.

*[signature]*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**